

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Merritt F. Hines
County Attorney
Midland, Texas

Dear Sir:

Opinion No. O-3511
Re: Whether lease of a strip
of land off one side of
church property would
subject the whole of such
property to taxation.

In your letter of May 6, 1941, you submit to us the following facts:

"The First Christian Church owns three lots comprising 150 feet fronting on Loraine Street and being the NW/4 of the block in Midland surrounded by Loraine, Colorado, Texas and Illinois. The Church building is located upon the north 65 feet of these three lots. A proposal has been made by an owner of a grocery store in Midland that the Church either sell or lease the south 20 feet of these three lots, said 20 feet being now adjacent to what appears to be an alley running east and west from Loraine to Colorado Streets. The Church would prefer leasing but does not want to subject its entire property with improvements to taxation. The prospective lessee has stated that he proposes to build a fence on the north line of the 20 feet if same is leased to him and thereby segregate it from the remainder of the Church property. As you know, or can ascertain from the original plat of the City of Midland, this property was originally laid out as three 50 feet lots and the 20 feet to be leased will be a part of one of these lots which is now vacant and has no improvements."

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ....

And you request our opinion as to whether the leasing of said 20 foot strip of land in the manner indicated would subject the entire church property to taxation or only that which is under lease and is therefore revenue bearing.

Section 2 of Article 8 of the State Constitution provides that:

"The legislature may, by general laws, exempt from taxation . . . actual places of religious worship, also any property owned by a church or by a strictly religious society for the exclusive use as a dwelling place for the ministry of such church or religious society and which yields no revenue whatever to such church or religious society; provided that such exemption shall not extend to more property than is reasonably necessary for a dwelling place and in no event more than one acre of land."

In pursuance of such constitutional permission the legislature has enacted Article 7150, Revised Civil Statutes, providing in part as follows:

"The following property shall be exempt from taxation, to-wit:

"1. Schools and Churches.--Public school houses and actual places of religious worship, also any property owned by a church or by a strictly religious society, for the exclusive use as a dwelling place for the ministers of such church or religious society, the books and furniture therein and the grounds attached to such buildings necessary for the proper occupancy, use and enjoyment of the same, and which yields no revenue whatever to such church or religious society; provided that such exemption as to the dwelling place for the ministers shall not extend to more property than is reasonably necessary for a dwelling place and in no event more than one acre of land. . ."

Honorable Merritt F. Hines, Page 3

You attached to your letter a copy of the opinion which you had written on the point and in which you reached the conclusion that the property so retained by the church would be exempt. We think you are clearly correct. The fact that the 20 foot strip is a part of the same lots on which the church building stands is not of controlling importance, particularly in view of the unmistakeable severance which is to be had, that is, a leasing of the defined strip and the building of a fence separating it from the church grounds.

In the same section of the Constitution provision is made for the exemption of "all buildings used exclusively and owned by persons or associations of persons for school purposes". It has been held that this exemption extends to the necessary grounds on which such a building may stand, such grounds being carved out of a larger tract and the remaining part of such larger tract being used for other than school purposes. St. Edward's College vs. Morris, 17 S. W. 512, 82 Tex. 1.

It is our opinion that when the south 20 feet of said property has been leased and severed in the manner indicated the church property remaining will retain its exemption.

Yours very truly

APPROVED MAY 14, 1941

FIRST ASSISTANT
ATTORNEY GENERAL

ATTORNEY GENERAL OF TEXAS

By

Glenn R. Lewis
Assistant

GRL:lh

